Case 4:24-cv-02112   Document 10   Filed on 01/10/25 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL CHATMAN WALKER, § | |
| § | |
| *Plaintiff,* § | |
| v. § | CIVIL ACTION NO. 4:24-cv-2112 |
| § | |
| SELECT PORTFOLIO SERVICING and § | |
| WILMINGTON SAVINGS FUND SOCIETY § | |
| FSB, *not in its individual capacity but solely as* § | |
| *owner trustee, and their successors and* § | |
| *assigns,* § | |
| | |
| *Defendant.* | |

## ORDER

Pending before the Court is Defendants Select Portfolio Servicing, Inc. ("SPS") and Wilmington Savings Fund Society FSB's ("Wilmington") Motion to Dismiss. (Doc. No. 4). SPS and Willington are collectively referred to as "Defendants." Plaintiff Michael Chatman Walker ("Plaintiff" or "Walker") failed to respond. Having considered the briefings and applicable law, the Court hereby **GRANTS** Defendant's motion. (Doc. No. 4).

### I.  Background

This is a dispute involving real property located at 21130 Grandin Wood Court Humble, Texas 77338 (the "Property"). (Doc. No. 1-2 at 4). On January 27, 2006, Sherold Chatman, Plaintiff's mother, executed a Noted and a Deed of Trust with lender Bank of America, N.A. in the amount of $79,939.00. (*Id.*). Bank of America assigned the Deed of Trust to Wilmington. (Doc. No. 4 at 2).[1] SPS services the loan for Wilmington. (*Id.*). At least at the time this suit was filed, Plaintiff resides at the Property. (Doc. No. 1-2 at 4).

---

[1] The parties dispute whether this assignment was properly recorded. (Doc. No. 1-2 at 5); (Doc. No. 4 at 2).

1

Plaintiff's mother died on September 25, 2014. (Doc. No. 1-2 at 4). Plaintiff alleges that he is "currently attempting to resolve he [sic] estate of his mother." (*Id.* at 5).[2] Defendant alleges that Ms. Chatman's estate defaulted on the loan by failing to make the September 1, 2023 payment and each subsequent payment. (Doc. No. 4 at 2). Walker acknowledges that he received a Notice of Foreclosure from Defendants on February 7, 2024. (Doc. No. 1-2 at 5). Yet, Plaintiff states that he "does not recall receiving a notice of default from Defendants" and that Defendants "failed to send Plaintiff a notice of intent to accelerate." (*Id.*).

Walker initiated this lawsuit in Texas state court alleging that Defendants violated Texas Property Code § 51.002 and seeking a Temporary Restraining Order ("TRO") to enjoin Defendants from foreclosing on the Property. (*Id.* at 5–6). Defendant removed the suit to this Court. Plaintiff obtained a TRO before the case was removed. (Doc. No. 1-5). While the TRO has since expired, Defendants have not proceeded with foreclosure of the Property.

Defendants now move to dismiss Plaintiff's suit under Federal Rule of Civil Procedure 12(c). Defendants state that they did properly notice the scheduled foreclosure sale, but even if a notice defect exists, "Walker lacks standing to assert this claim, property code chapter 51 does not provide a private right of action, and the claim is moot." (Doc. No. 4 at 1).

## II.   Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ.

---

[2] The Court notes that Plaintiff brought suit against the Defendants in his individual capacity and not as a representative of his mother's estate.

2

P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.   Analysis

As noted above, Plaintiff claims Defendants violated Texas Property Code § 51.002. (Doc. No. 1-2 at 5). Plaintiff alleges that Defendants violated this statute when they failed to: (1) send Plaintiff a notice of default and opportunity to cure at least twenty days before notice of sale was given; and (2) send Plaintiff a notice of intent to accelerate the debt. (*Id.*). Plaintiff also seeks

3

injunctive relief. Injunctive relief must be based on the merits of the underlying claim. *See City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018). Plaintiff's claims must be dismissed for the reasons below.

Texas Property Code § 51.002 contains two notice provisions. First, § 51.002(b) requires that notice of the foreclosure sale be given at least 21 days before the sale. Second, § 51.002(d) requires that the debtor be informed that he is in default and given at least 20 days to cure the default before the 21–day notice is issued.

While the Court finds no binding precedent on point, it finds multiple decisions from this District and others within the Fifth Circuit to be particularly persuasive. Thus, "because § 51.002 outlines the procedures for conducting a foreclosure sale, claims for violating its notice requirements are cognizable only after a foreclosure." *Kew v. Bank of Am., N.A.*, No. CIV.A. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012). Since Defendants have not foreclosed on the Property, Plaintiff's statutory claim fails. *See, e.g., Mahmood v. Bank of Am., N.A.*, No. 3:11–CV–3054–M–BK, 2012 WL 527902, at *4 (N.D. Tex. Jan.18, 2012) ("Plaintiff's requests for injunctive relief from this Court to prevent a foreclosure sale make apparent that no foreclosure sale had occurred at the time this suit was brought. Accordingly, Plaintiff's claim under Chapter 51 of the Texas Property Code for what could only be wrongful foreclosure should also be dismissed."); *Perez v. Midfirst Bank*, 2019 WL 6687665, at *3 (S.D. Tex. Dec. 6, 2019) ("[T]here is no claim under Section 51.002(d) where no foreclosure has taken place."); *Ayers v. Aurora Loan Servs., LLC,* 787 F.Supp.2d 451, 454 (E.D. Tex. 2011) ("Plaintiff has not alleged an actual violation of the Texas Property Code because no foreclosure sale has occurred. Perhaps Aurora had not adhered to all the notice requirements of § 51.002. And perhaps if the property had been sold that sale could have been set aside. But absent a sale, Plaintiff cannot state a claim under

these sections of the Property Code."); *Caballero v. Wells Fargo Bank, N.A.,* No. 3–11–CV–1385–O–BD, 2011 WL 6039953, at *1 n. 2 (N.D. Tex. July 25, 2011) ("To the extent plaintiff contends that defendant violated sections 51.002 and 51.0025(2) of the Texas Property Code by failing to issue proper notices in connection with the scheduled foreclosure sale of his property, those provisions apply only to the sale of real property pursuant to a power of sale. Where, as here, no foreclosure sale has taken place, a plaintiff may not recover under those statutory provisions.").

Moreover, Plaintiff does not have standing to bring suit under § 51.002. As noted above, Ms. Chatman signed the Deed of Trust that was later assigned to Wilmington. Ms. Chatman then passed away, allegedly leaving Plaintiff, her son, as her "only living heir." (Doc. No. 1-2 at 4). Even ten years after his mother's death, Walker states that he is "currently attempting to resolve he [sic] estate." (*Id.* at 5).

Ms. Chatman was the sole signature and borrower. (Doc. No. 4. at 11, 28).[3] The Note executed with the Deed of Trust requires notices be provided only to Ms. Chatman. (*Id.* at 10). Similarly, the Texas Property Code provides that only "debtors" are entitled to notice of default, acceleration, and sale. *See* Tex. Prop. Code §§ 51.002(b)(3), (d), (i). Plaintiff brought this suit in his individual capacity, not as representative of his mother's estate. In fact, while Walker claims to be the sole heir of his mother's estate, he has not claimed he is the executor of her will or otherwise the administrator of her estate. Thus, even if Plaintiff is correct in stating that he is the only heir to his mother's estate, he is not the "debtor" within the meaning of the Texas Property Code nor is he the signatory to the Note or Deed of Trust. *See Oliver v. Pennymac Loan Servs., LLC,* No. 3:23-CV-137, 2024 WL 1016121, at *3 (N.D. Tex. Feb. 21, 2024), *report and rec. adopted,* 2024 WL 1018527 (N.D. Tex. Mar. 7, 2024). Thus, Plaintiff was not entitled to receive

---

[3] The Court can and does consider Defendants' exhibit because Plaintiff incorporated them into the complaint by reference. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002).

notices under the terms of those documents or Texas law and therefore lacks standing to bring his claim against Defendants for their purported violations of § 51.002.

Additionally, since Plaintiff failed to demonstrate a viable, underlying claim for relief, Plaintiff is not entitled to injunctive relief. *See City of El Cenizo*, 890 F.3d at 176 (5th Cir. 2018) (finding a plaintiff is entitled to injunctive relief only when they are successful on the merits of their underlying claim).

### IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. (Doc. No. 4). This matter is hereby dismissed with prejudice.

Signed at Houston, Texas, on this the 10 day of January 2025.

Andrew S. Hanen
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA SPANN, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-3344 |
| | § | |
| THE KROGER CO., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before this Court is Defendant The Kroger Co.'s ("Defendant" or "Kroger") Motion for Summary Judgment. (Doc. No. 20). Plaintiff Linda Spann ("Plaintiff" or "Spann"), proceeding *pro se*, did not file a response. Having considered the Motion for Summary Judgment, the evidence, and the applicable law, the Court **GRANTS** the Defendant's Motion. (Doc. No. 20).

### I.   Background

This is a "slip and fall" case that apparently lacks both a slip and a fall.[1] The facts presented to the Court are scant at best. The entirety of the facts provided by the Plaintiff in her complaint are as follows:

> On or about August 5, 2022, Plaintiff was shopping at a Kroger grocery store in Houston, Harris County, TX. Plaintiff slipped on water, and although she did not fall onto floor, her right leg slid forward while she was attempting to catch herself. Plaintiff suffered severe and debilitating injuries to her right knee, right foot, pain that radiates in her buttocks/hip, and body generally due to the unreasonably dangerous condition which Kroger allowed to exist.

(Doc. No. 1-1 at 10).

Spann initiated this lawsuit in Texas state court alleging two causes of action: premises liability and negligent activity. (*Id.* at 10–12). Defendant removed the suit to this Court. The Court

---

[1] While Plaintiff alleges that she slipped (but does not allege she fell), the video footage clearly demonstrates that no slip occurred. (Doc. No. 20-4).

1

previously dismissed Plaintiff's negligent activity claim. Defendant now moves for summary judgment on Plaintiff's remaining premises liability claim, contending that there is no genuine issue of material fact that: 1) there was a dangerous condition which posed an unreasonable risk of harm; 2) Defendant had actual or constructive knowledge of a dangerous condition; and 3) Defendant proximately caused Plaintiff's damages. (Doc. No. 20 at 1). As noted above, Plaintiff did not respond to Defendant's Motion for Summary Judgment.

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.* Moreover, "the traditional leniency afforded to a *pro se* plaintiff does not excuse [the plaintiff] from her burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 246 (5th Cir. 2017).

### III.   Analysis

As noted above, Plaintiff's only remaining claim is one of premises liability. "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citing *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014)).

*A. Condition that posed an unreasonable risk of harm*

Defendant provided Kroger's surveillance video showing the time period in which Spann is at the counter where she allegedly slipped and injured herself. (Doc. No. 20-4). The video depicts Spann walk up to the seafood counter, place her feet under a product rack in front of the counter, and begin speaking to the employee behind the counter. She then walks across the walkway to look at another product. As she is walking the roughly 10 feet to look at the other products, she briefly looks back to where she was initially standing. Notably, Spann does not visibly slip. Spann then walks back to the seafood counter. Approximately ten seconds later, the employee behind the counter grabs a towel, walks around to the front of the counter where Spann was standing, and

3

places the towel under the product rack in front of the counter.[2] Defendant acknowledges that there was in fact "a little water spill under [the] product rack and not on [the] walking area." (Doc. No. 20-2 at 1).

Defendant argues that there is no genuine issue of material fact that there was a condition that presented an unreasonable risk of harm because "[a]t best, the summary judgment evidence shows there was some water under a product rack (and out of the walkway) in front of the seafood counter." (Doc. No. 8). A determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific and there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm. *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 647 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Nevertheless, "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition." *Wal-Mart Stores, Inc. v. Sparkman*, No 02-13-00355-cv, 2014 WL 6997166, at *3 (Tex. App—Fort Worth Dec. 11, 2014, pet. denied). The video evidence provided by Defendant shows that there was an "indoor wet floor" where Plaintiff was standing at the time of the incident. Thus, there is a genuine issue of material fact as to whether there was a condition that posed an unreasonable risk of harm.

### B. *Kroger's actual or constructive knowledge*

Plaintiff must also raise a genuine issue of material fact as to whether Kroger had actual or constructive knowledge of the alleged condition causing the injury. *McCarty*, 864 F.3d at 358. For a premises owner or operator to have "actual knowledge" of a condition, the owner or operator

---

[2] Though the surveillance video is without sound and, therefore, it is not proven by the summary judgment evidence, the evidence does perhaps lead one to speculate that Plaintiff informed the employee behind the counter of the existence of the water, causing the employee to mop up the spill.

4

must have known that the hazard existed, but negligently failed to cure it. *See generally Keetch v. Kroger*, 845 S.W.2d 262 (Tex. 1992). In the absence of proof of actual knowledge, a Plaintiff can succeed in establishing the knowledge evidence by showing "constructive knowledge." Constructive knowledge can be established by showing that the condition existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *See CMH Homes, Inc.*, 15 S.W.3d 97, 102-03 (Tex. 2000). To show Kroger had constructive knowledge, Plaintiff must show that "it is more likely than not that the dangerous condition existed long enough to give [Kroger] a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998) (emphasis added).

Where a plaintiff has no evidence of how long the condition existed prior to her accidental fall, she has not met her burden of proof on notice, and the defendant is entitled to summary judgment. *See Wal-Mart v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."); *Gonzalez*, 968 S.W.2d at 936 (rendering judgment for defendant where the plaintiff could not prove macaroni on which plaintiff fell had been on floor long enough that defendant reasonably should have discovered it).

Spann has not identified any evidence from which a jury could conclude Kroger had actual or constructive knowledge of the store floor's allegedly dangerous condition prior to the alleged slip. The Court finds no evidence that Kroger was aware or should have been aware of the water under the product rack until Spann apparently notified the employee. The employee then immediately wiped up the water. Thus, Plaintiff has failed to meet her burden to raise a genuine issue of material fact as to whether Kroger had actual or constructive knowledge of the alleged condition causing the injury.

Plaintiff has therefore failed to raise a genuine issue of material fact on an essential element of Plaintiff's claim. Defendant is entitled to judgment as a matter of law.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. No. 20). As the last remaining claim, this matter is hereby dismissed with prejudice.

Signed at Houston, Texas, on this the 10th day of January 2025.

                                              Andrew S. Hanen
                                              United States District Judge